| | |
|---|---|
| JAVON REYNOLDS,<br>    *Plaintiff,*<br><br>    v.<br><br>DOLLAR TREE DISTRIBUTION, INC.,<br>    *Defendant.* | No. 3:19-cv-01137 (JAM) |

**ORDER GRANTING MOTION TO AMEND COMPLAINT AND**
**MOTION TO REMAND TO STATE COURT**

Federal law generally allows a defendant who has been sued in state court to "remove" the action to a federal court if the plaintiff is a citizen of a different State than the defendant and if there is more than $75,000 at issue. For such cases, a federal court has so-called "diversity" jurisdiction because the opposing parties are not from the same State.

But suppose that, after such a case has been removed to federal court, a plaintiff wants to file an amended complaint to name another defendant who is from the *same* State as the plaintiff. Should the federal court allow the plaintiff to do so even though it would mean that the federal court no longer has diversity jurisdiction and must send the case back to state court?

That is the question here. And to answer this question, the federal courts have developed the doctrine of "fraudulent joinder"—a doctrine that is designed to protect the rights of plaintiffs to legitimately pursue relief against all potentially culpable parties while also deterring plaintiffs from engaging in mere gamesmanship to divest a federal court of jurisdiction. Considering the doctrine of fraudulent joinder and all other equities here, I conclude that the plaintiff in this case should be granted leave to file an amended complaint and as a consequence that the action must be remanded to Connecticut state court where it first began.

Late on the night of October 19, 2017, plaintiff Javon Reynolds was working for a temporary employment agency at a warehouse owned by defendant Dollar Tree Distribution, Inc. ("Dollar Tree"). Unfortunately, Reynolds was seriously injured when he slipped and fell from a "pod" location on the third floor of the warehouse all the way down to the hard cement on the first floor of the warehouse. Doc. #1-1.

Reynolds filed this lawsuit in Connecticut state court in July 2019. He named Dollar Tree as the sole defendant, and he alleged that Dollar Tree's negligence and recklessness had caused his fall and injuries. *Ibid.*

On July 24, 2019, Dollar Tree timely removed the action to this Court. Doc. #1. The basis for removal was the Court's federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dollar Tree alleged that Reynolds is a citizen of Connecticut, that Dollar Tree is a citizen of Virginia, and that the amount in controversy exceeds the jurisdictionally minimum amount of $75,000. Doc. #1 at 2-4.

About one month later, Reynolds filed a motion on August 29, 2019, for leave to file an amended complaint to name ten additional individual defendants. Doc. #13. These putative defendants are mostly management employees of Dollar Tree who had operational or safety responsibilities at the warehouse. Reynolds alleges that they were negligent by acting or failing to act in a manner that caused Reynolds to be injured from his fall at the Dollar Tree warehouse.

As I learned from counsel at oral argument, it is undisputed that most or all of these proposed individual defendants are citizens of Connecticut just like Reynolds.

In addition to his motion to file an amended complaint, Reynolds moved to remand this action to Connecticut state court. Doc. #15. The basis for this motion is that, if Reynolds were granted leave to file his proposed amended complaint, then there would no longer exist "complete diversity" as required to sustain federal diversity jurisdiction. *See, e.g.*, *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc*., 772 F.3d 111, 118 (2d Cir. 2014) (exercise of federal jurisdiction requires "'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants").

Dollar Tree objects to Reynolds's motion to amend his complaint and motion to remand. Docs. #22; #23. In essence, Dollar Tree argues that Reynolds has improperly decided to bring suit against individual defendants as a ploy to force this action to be remanded to state court for lack of diversity jurisdiction.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs whether a court may allow a party to amend its pleadings. A plaintiff may amend the complaint once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff waits longer than 21 days, then the plaintiff may amend the complaint only with the opposing party's written consent or with leave of the court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because of the timing of Reynolds's motion to amend the complaint and the objection of Dollar Tree, it is clear that Reynolds must obtain leave of the Court before he may file an amended complaint.

Rule 20 of the Federal Rules of Civil Procedure governs the "permissive joinder" of two or more defendants in a single action. It allows for joinder of multiple defendants in the same action if the plaintiff's claim "aris[es] out of the same transaction, occurrence, or series of transactions or occurrence" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). Because Reynolds's claims against all of the defendants in this action plainly arise from a single incident when he was injured from his fall at the warehouse, it is clear that all of the proposed defendants may be properly joined in one action under Rule 20.

But the consequence of granting Reynolds leave to amend the complaint would be to allow the joinder of defendants whose inclusion as parties would negate the exercise of federal diversity jurisdiction. For such circumstances, Congress by statute has provided that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Dollar Tree invokes the doctrine of fraudulent joinder to oppose Reynolds's motion to amend the complaint. The doctrine of fraudulent joinder is meant to prevent a plaintiff from pretextually naming non-diverse parties as defendants solely to defeat federal jurisdiction and to compel a dispute to be litigated in state court. *See Bounds v. Pine Belt Mental Health Care Res*., 593 F.3d 209, 215 (2d Cir. 2010); *Briarpatch Ltd., L.P. v. Phoenix Pictures Inc.*, 373 F.3d 296, 302 (2d Cir. 2004). Yet, as one court has explained, the very term "fraudulent" is no less than a "term of art" in this context, because the application of the doctrine of fraudulent joinder does not ordinarily turn on whether a plaintiff harbors impure motives but rather on whether a plaintiff's

claim against the non-diverse defendants "simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Thus, as the Second Circuit has made clear, the burden to prove fraudulent joinder is a demanding one. A defendant must show by clear and convincing evidence that the plaintiff has either engaged in outright fraud or that there is no possibility based on the pleadings that the plaintiff can state a valid cause of action in state court against the non-diverse parties whom the plaintiff seeks to join as defendants. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998).

Dollar Tree has not met this burden. Other than generally impugning Reynolds's motives, it has not shown that Reynolds seeks to amend the complaint in a manner that amounts to deception, misstatement, or outright fraud (such as to name fictitious defendants). Nor has it shown as a matter of law that Reynolds has no valid state law claim against any of the numerous non-diverse corporate employees that he seeks to join as defendants in this action. To the contrary, Connecticut law allows a plaintiff who has been injured on a company's premises to maintain a claim for negligence not only against the company itself but also against individual company employees who are responsible. *See, e.g.*, *Meek v. Wal-Mart Stores*, 72 Conn. App. 467 (2002) (affirming negligence verdict against Wal-Mart and two store managers as a result of injury to plaintiff customer caused by falling merchandise in a Wal-Mart store); *see also Scribner v. O'Brien, Inc.*, 169 Conn. 389, 404 (1975) ("Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby.").

For this reason, numerous federal court decisions have remanded similar premises liability actions to state court, rejecting arguments that plaintiffs have engaged in fraudulent joinder by

naming non-diverse corporate employees as defendants. *See, e.g.*, *Morillo v. Burlington Coat Factory, of Connecticut, LLC*, 2017 WL 3715245, at *4 (D. Conn. 2017); *Debiase v. Target Stores, Inc.*, 2017 WL 2971859, at *2 (D. Conn. 2017); *Shannon v. Target Stores, Inc.*, 2013 WL 3155378, at *2 (D. Conn. 2013); *Szewczyk v. Wal-Mart Stores, Inc.*, 2009 WL 3418232, at *4 (D. Conn. 2009).

Nor are there other equitable reasons to deny the motions to amend the complaint and to remand. Courts in this context consider factors such as "(1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Wilmington Sav. Fund Soc'y, FSB v. Universitas Educ., LLC*, 164 F. Supp. 3d 273, 289 (D. Conn. 2016) (internal quotations omitted); *see also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (listing similar factors).

As to the first factor (delay), Reynolds promptly moved to file an amended complaint within just a few weeks of removal and without undue delay. As to the second factor (prejudice), Dollar Tree doubtlessly prefers a federal forum, but there is no unfair prejudice to Dollar Tree, because Dollar Tree has failed—as discussed above—to show that Reynolds lacks plausible grounds to assert claims against individual Dollar Tree employees.

As to the third factor (likelihood of multiple litigation), Reynolds has already filed a separate state court action as is his right against the individual employees (an interim action that was necessary while this federal litigation was pending because of the expiring statute of limitations), and he has agreed that he will move to consolidate the separate state court action with this action if I remand it to state court. Only by granting Reynolds's motions to amend and for remand will the parties avoid needlessly duplicative litigation.

Lastly, as to the fourth factor (Reynolds's motivation), I give this factor little weight. Regardless whether Reynolds has ulterior motives to avoid litigating in federal court, he retains a right to proceed against the individual employee defendants, and the limits of federal jurisdiction prevent him from proceeding against both the company and the employees in one action in federal court.

All in all, the doctrine of fraudulent joinder as well as the balance of equities weigh in favor of granting Reynolds's motions to amend his complaint and to remand this action to state court.

## CONCLUSION

For the reasons set forth above, the Court GRANTS plaintiff Reynolds's motions to amend his complaint and to remand this action to state court. Docs. #13, #15. In light of these rulings, defendant Dollar Tree's motion for judgment on the pleadings is DENIED as moot. Doc. #28. The Clerk of Court shall close this case and REMAND the action in accordance with D. Conn. L.R. 83.7 to the Connecticut Superior Court, Judicial District of Hartford.

It is so ordered.

Dated at New Haven this 9th day of March 2020.

/s/*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge